UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZARINAH MUHAMMAD, A.M., | Case No. 2:19-cv-00687-RFB-VCF |
| Plaintiffs, | **ORDER** |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT et.al., | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court is Defendant's Motion to Dismiss. ECF No. 24. For the reasons below, the Court denies the motion in part and grants it in part.

## II.  PROCEDURAL BACKGROUND

On March 18, 2019, Plaintiff filed a complaint against Defendants. ECF No. 1-1. Defendants filed a Petition for Removal from the Eighth Judicial District on April 22, 2019. ECF No. 1. On April 29, 2019, Defendants filed a Motion to Dismiss. ECF No. 4. Plaintiff responded on May 13, 2019 and Defendants filed a reply on May 20, 2019. ECF Nos. 6,7. On March 9, 2020, this Court denied Defendants' Motion to Dismiss without prejudice and allowed Plaintiff to amend her complaint. ECF No. 13. On April 30, 2020, the Plaintiff filed her Second Amended Complaint. ECF No. 16. On May 18, 2020, Defendants filed a second Motion to Dismiss. ECF No. 24. Plaintiff responded on May 31, 2020 and Defendants filed a reply on June 15, 2020. ECF Nos. 27, 30. On February 26, 2021, this Court held a hearing regarding Defendants Motion to Dismiss. ECF No. 32.

### III.     FACTUAL ALLEGATIONS

The following facts are alleged in this case. Plaintiff Zarinah Muhammad is the mother of Plaintiff A.M., who is a student within the Clark County School District. In 2016, A.M. was enrolled in Batterman Elementary School ("Batterman"), and A.M. thrived academically while attending Batterman. A.M. was rezoned to attend the newly built Berkley Elementary ("Berkley") during A.M.'s first-grade year. Because Ms. Muhammad could not pick A.M. up after school, she enrolled A.M. in the Safekey after school program. Although, Ms. Muhammad believed the program was not safe for her daughter, she had no choice to enroll her because Ms. Muhammad was unable to pick A.M. up after school. When Ms. Muhammad submitted a zone variance request to Defendant Sparrow, she referenced her concern about Safekey and the financial burden it created. Specifically, A.M. would have to attend Safekey in the morning and afternoons and therefore, Ms. Muhammad's expenses for Safekey would increase from $80.00 per month to $220.00 per month. Ms. Muhammad's request was denied, and she submitted a written appeal reiterating the new burden she faced with A.M. attending Berkley instead of Batterman. Defendant Sparrow denied the appeal alleging that Batterman's first-grade classes were full. Defendant Sparrow, however, allegedly granted zone variance requests to five other first-grade students.

While attending Berkley, A.M.'s grades began to suffer significantly due to Berkley's no-homework policy. Ms. Muhmmad tried assigning A.M. homework but had difficulty. Ms. Muhammad initially contacted Defendant Jara about the no-homework policy and informed him about the difference in Berkley and Batterman grading scale and homework policy, but Defendant Jara never responded to Ms. Muhammad. Ms. Muhammad then contacted Defendant Lewis, Berkley's principal about the homework policy; however, Defendant Lewis reiterated that the policy was compliant with best practices. Ms. Muhamad then submitted another zone variance request and attached copies of the disparity in grades and homework policies and the effect on A.M. Defendant Sparrow denied the request, and Ms. Muhammad appealed to Defendant Gonzalez who also denied her appeal.

## VI. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).  In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).  The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## VII. DISCUSSION

As a preliminary matter, this Court dismisses Plaintiff's Fifth Amendment claims. The Fifth Amendment's Due Process Clause applies only to actions of the federal government and not to those of state or local governments. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir.

3

2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments.") (citing Schweiker v. Wilson, 450 U.S. 221, 227 (1981)). Muhammad has failed to allege that any of the Defendants are federal actors; therefore, her Fifth Amendment claims are dismissed. This Court also dismisses Plaintiff's preliminary injunction claim, as it is not a separate claim and she has failed to demonstrate she is entitled to such a remedy at this time. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.")

Defendants argue that Plaintiff's due process and equal protection claim under the Fourteenth Amendment claims fail as a matter of law. This Court disagrees. To assert a due process claim under the Fourteenth Amendment, Plaintiff must allege that she was deprived of a constitutionally protected liberty or property interest and denial of adequate procedural protection. Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010) (citing Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998)). The Fourteenth Amendment guarantee of due process has a substantive component that includes a parent's right to make decisions regarding the "care, custody and control of their children." Troxel v. Granville, 530 U.S. 57, 69 (2000). With respect to education one such fundamental right is "the right of parents to be free from state interference with their choice of the educational forum itself, a choice that ordinarily determines the type of education one's child will receive." Fields v. Palmdale Sch. Dist., 427 F.3d 1197, 1207 (9th Cir. 2005). However, once parents determine their child's educational forum, their fundamental right to control the education is "substantially diminished." Id. at 1206. Here, Plaintiff alleges that because A.M. has been rezoned to a different school, this has created additional and substantial burdens for Plaintiff and A.M. And although Plaintiff presented these burdens as well as other concerns in her zone variance submissions, they were denied. This denial was not allegedly based on an impartial or fair process. This denial allegedly thus interfered with Plaintiff's fundamental right to choose A.M.'s educational forum and did not afford her adequate procedural protection for her rights as a parent.

Therefore, this Court finds that Plaintiff sufficiently alleges a plausible Fourteenth Amendment due process claim against CCSD.

The Court, however, does not find that Plaintiff has adequately pled this claim against the individual defendants. Plaintiff would have to establish in more detail the role that each individual defendant had in the alleged violation of her rights. Plaintiff has not done so here. This claim is therefore dismissed without prejudice as to the individual defendants. She may amend her pleadings appropriate a pursuant to the dates of the forthcoming scheduling order.

The Equal Protection clause of the Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The purpose of the Equal Protection clause of the Fourteenth Amendment is to prevent intentional and arbitrary discrimination. See Engquist v. Oregon Dept. of Ag., 553 U.S. 591, 611 (2008) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Plaintiff may proceed under a "class of one" equal protection theory by alleging "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564. Based on the fact alleged, the Court finds that Plaintiff sufficiently alleges a "class of one" equal protection clause claim. Plaintiff submitted zone variance requests for A.M. to be transferred from Berkley to Batterman and she alleges that although her requests were denied, five other applicants' requests were granted. Plaintiff, therefore, alleges that she was treated differently from others who were similarly situated and there was no rational basis for such treatment. Accordingly, this Court will allow Plaintiff's Fourteenth Amendment equal protection claim to proceed against CCSD.

The Court again finds, however, that Plaintiff has not adequately pled this claim against the individual defendants. She has not alleged in sufficient detail their role in the violation of her rights. This claim is also therefore dismissed without prejudice. She may amend her pleadings appropriate a pursuant to the dates of the forthcoming scheduling order.

Plaintiff also alleges state claims for negligence, fraud, and negligent hiring, training, and supervision. Plaintiff, however, only pleads conclusory facts regarding these state claims.

Therefore, this Court finds that Plaintiff fails to adequately allege facts that would give rise to any of these claims and thus the Court dismisses Plaintiff's state claims.

### VIII.   CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 24) is GRANTED in part and DENIED in part. This Court dismisses Plaintiff's Fifth Amendment claim, state claims, and preliminary injunction claim. Plaintiff's due process and equal protection claim of the Fourteenth Amendment may proceed against CCSD, but these claims are dismissed without prejudice as to the individual defendants.

**IT IS FURTHER ORDERED** that parties submit a joint discovery schedule by April 12, 2021.

**DATED**: March 31, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**